## Fishman, Appellant, *v.* Brown.

*Partnership—Bill in equity for an accounting — Exceptions — Failure to specify any particular error—Dismissal.*

Exceptions to a partnership account were properly dismissed where they were vague and indefinite and failed to specify any particular error or errors in the account. -

Argued Jan. 23, 1919.   Appeal, No. 213, Jan. T., 1919, by plaintiff, from decree of C. P. No. 5, Philadelphia Co., June T., 1915, No. 2109, in Equity, dismissing exceptions to defendant's account and confirming the account in case of David Fishman v. Morris Brown.   Before BROWN, C. J., STEWART, FRAZER, WALLING and SIMPSON, JJ.   Affirmed.

Bill in equity praying for dissolution of a partnership, the appointment of a receiver, and for an accounting. Before MARTIN, P. J.

The court decreed a dissolution of the partnership and directed the defendant to file an account.

The court approved and confirmed the account and dismissed plaintiff's exceptions thereto.   Plaintiff appealed.

*Errors assigned* were dismissing exceptions to the account and the decree of the court.

*Edward Tolen,* for appellant.

*Bertram D. Rearick,* for appellee, was not heard.

PER CURIAM, February 17, 1919:

This appeal by the plaintiff below is from the dismissal of his exceptions to the partnership account filed by the defendant.   They were vague and indefinite, failing to specify any particular error or errors in the account,

and nothing appears in either of the two assignments before us directing our attention to any specific error that ought to be corrected. The appeal is, therefore, dismissed, at appellant's costs.